IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Marcus D. Boozer, | Case No. 16 CV 806 |
| Plaintiff, | ORDER AFFIRMING <u>DENIAL OF BENEFITS</u> |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
| Defendant. | |

**INTRODUCTION**

The Commissioner of Social Security denied Plaintiff Marcus Boozer supplemental security income ("SSI"). Boozer timely filed a Complaint seeking judicial review of that decision (Doc. 1). This Court has jurisdiction under 42 U.S.C. § 405(g).

This case was referred to Magistrate Judge Thomas Parker for a Report and Recommendation ("R&R") under Local Rule 72.2(b)(2). Following briefing (Docs. 10–14), the Magistrate Judge recommends this Court affirm the final decision of the Commissioner denying SSI (Doc. 15). The matter is now before this Court on Boozer's Objection to the R&R (Doc. 16) and the Commissioner's Response (Doc. 17). This Court has reviewed *de novo* the Magistrate Judge's findings in accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C). For the reasons below, this Court adopts the R&R and denies the claim for benefits.

## BACKGROUND

The R&R accurately recites the relevant factual and procedural background, which this Court adopts (Doc. 15 at 1–10). Briefly, Boozer was thirty-four years old when he applied for benefits in 2013. He has a high school education and past work experience as a sales attendant and stock clerk (Tr. 50–51). He claims SSI based on a herniated disc, lower back pain, and shooting pain in his leg (Tr. 52, 192). The Administrative Law Judge ("ALJ") determined that Boozer suffered from severe impairments including degenerative disc disease (Tr. 26). However, the ALJ also concluded that Boozer's impairments did not meet or medically equal the severity of a listed impairment, and that he remained able to perform light work subject to certain limitations (Tr. 27–28). Considering Boozer's age, education, work experience, and residual functional capacity ("RFC"), the ALJ found him capable of performing jobs that exist in significant numbers in the national economy (Tr. 37). The ALJ therefore denied his application for benefits.

## STANDARD OF REVIEW

In reviewing the denial of SSI, this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) ("[R]eview of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings . . . are supported by substantial evidence."). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (citation omitted). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive."

*McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). Even if substantial evidence, or indeed a preponderance of the evidence, supports a claimant's position, this Court cannot overturn the decision "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

## DISCUSSION

### Opinions on Physical Limitations

Boozer argued the ALJ failed to provide good reasons for affording less than controlling weight to the opinions of treating physicians Drs. Bigler and Viau. Specifically, he claims the ALJ did not sufficiently discuss the nature and extent of the doctors' treatment relationship with Boozer. He now objects that the Magistrate Judge erred in concluding that the ALJ was not required to discuss every factor listed in 20 C.F.R. § 416.927(c) to satisfy the "good reasons" requirement (Doc. 16 at 3–4; *see also* Doc. 15 at 16–17).

Under the treating physician rule, an ALJ must give "good reasons" for affording a treating physician's opinion less than controlling weight. 20 C.F.R. § 404.1527(c)(2); *see also Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010) ("Although treating physicians' opinions can be entitled to 'controlling weight,' it is clear that a treating physician's opinion that is . . . 'inconsistent with the other substantial evidence,' is not controlling.") (citing 20 C.F.R. § 404.1527(c)(2)). The ALJ must consider certain factors -- namely, the length of the treatment relationship and frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record as a whole, and the specialization of the treating source -- in deciding what weight to give the opinion. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). However, as the Magistrate Judge correctly observed, an ALJ need not "expressly" discuss each of the regulatory factors when discounting a treating

physician opinion. *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011) ("Although the regulations instruct an ALJ to consider these factors, they expressly require only that the ALJ's decision include 'good reasons . . . for the weight . . . give[n] [to the] treating source's opinion'—not an exhaustive factor-by-factor analysis.") (quoting 20 C.F.R. § 404.1527(c)(2)).

Boozer cites *Hensley v. Astrue*, 573 F.3d 263 (6th Cir. 2009), and *Blakley v. Commissioner*, 581 F.3d 399 (6th Cir. 2009), in support of his argument that the ALJ erred in his evaluation of the regulatory factors. Both cases are inapposite. In *Hensley*, a treating physician and agency examiner offered conflicting opinions regarding the claimant's ability to engage in repetitive pushing and pulling. 573 F.3d at 265. The ALJ did not accept either opinion, and instead split the difference, adopting a limitation advocated by neither physician. The only explanation the ALJ gave for rejecting the treating physician's opinion was that "another physician had reached the opposite conclusion." *Id.* at 266. The Sixth Circuit held this was insufficient. *Id.* In contrast, the ALJ in this case thoroughly discussed the opinions of each physician, noting inconsistencies with various test results, treatment notes, and other record evidence. *Cf. Dobbs v. Astrue*, 2010 WL 3470082, at *7 n.6 (E.D. Ky. 2010) ("*Hensley* is not apposite to the current action because a fair reading of the ALJ's decision is that . . . [the treating source's] findings themselves did not support [the claimant's] restrictions.").

Likewise, in *Blakley*, the ALJ entirely failed to address the assessment of one treating physician, and it was unclear from her analysis whether she realized that a second medical provider was a treating, rather than merely consulting, physician. 581 F.3d at 408. The ALJ also rejected the conclusion of a third treating source without explaining the weight she afforded his opinions. *Id.* Further, although the ALJ adopted the findings of the state agency physicians, the medical records reviewed by those non-examining sources were incomplete. *Id.* at 409. That was not the situation in this case. Here, the ALJ explicitly recognized that Drs. Bigler and Viau were treating physicians

4

(Tr. 34–35). And as in *Tilley*, "the ALJ's decision in the instant case fully described the reasoning for discounting [the treating physician] opinion[s]" -- primarily, the inconsistency between those opinions and Boozer's medical records as a whole. *Tilley*, 394 F. App'x at 222 (distinguishing *Blakley*).

This objection is overruled.

**Opinion on Mental Limitations**

The ALJ gave no weight to Dr. Bigler's opinion that Boozer suffered certain mental limitations affecting his ability to follow a routine and schedule (Tr. 35, 582). The ALJ found this opinion both beyond the scope of Dr. Bigler's expertise and inconsistent with his records describing Boozer as having normal attention and concentration (Tr. 35). The Magistrate Judge concluded the ALJ provided good reasons for discounting the opinion (Doc. 15 at 18). Boozer objects that the R&R cited record evidence not relied upon by the ALJ in support of his decision. *See Hyatt Corp. v. N.L.R.B.*, 929 F.2d 361, 367 (6th Cir. 1991). Specifically, while the ALJ referenced only a single treatment note from March 2015 -- in which Dr. Bigler described Boozer as "alert and cooperative" with "normal attention span and concentration" (Tr. 600) -- the Magistrate Judge identified several other treatment notes from 2013 and 2014 with similar findings (Doc. 15 at 18).

Setting aside the additional treatment notes cited in the R&R, the Magistrate Judge did not err in concluding the ALJ offered good reasons for rejecting Dr. Bigler's opinion of Boozer's mental health limitations. As the Magistrate Judge observed, the ALJ appropriately referenced several of the regulatory factors, including supportability, consistency, and specialization, in support of the determination. This objection, too, is overruled.

**Level of Scrutiny**

Boozer contends the ALJ improperly subjected the opinions of Boozer's treating physicians

to greater scrutiny than those of the agency consultants. Citing *Gayheart v. Commissioner*, 710 F.3d 365 (6th Cir. 2013), he objects that the Magistrate Judge erred by limiting his review of the ALJ's analysis to whether the non-treating opinions were consistent with the record as a whole (Doc. 16 at 7). In *Gayheart*, the ALJ was "quite critical" of inconsistencies between the opinion of a treating physician and other record evidence and consequently afforded the opinion little weight. *Id.* at 376–78. But the ALJ ignored "flagrant inconsistencies" and "overwhelming record evidence" contradicting the opinions of several consultative doctors on which the ALJ ultimately relied. *Id.* at 379–80. Thus, the Sixth Circuit held that the ALJ erred because "[a] more rigorous scrutiny of the treating-source opinion than the nontreating and nonexamining opinions is precisely the inverse of the analysis that the regulation requires." *Id.* at 379 (citing 20 C.F.R. § 404.1527 (c)).

As the Magistrate Judge explained, that is not what happened here. In this case, the ALJ determined the non-treating physician opinions were more consistent with Boozer's medical records than the assessments provided by his treating physicians. That conclusion is supported by substantial evidence, as detailed in the administrative decision and the R&R (*see* Tr. 36; Doc. 15 at 29–31). And Boozer now identifies no inconsistency between the agency consultant opinions and the record evidence. This objection is overruled.

## CONCLUSION

Boozer's Objection (Doc. 16) is overruled, and this Court adopts the R&R (Doc. 15). The claim for benefits is denied.

IT IS SO ORDERED.

                                             s/ *Jack Zouhary*
                                             JACK ZOUHARY
                                             U. S. DISTRICT JUDGE

                                             August 8, 2017